30 F.3d 129
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
KELLY SPRINGFIELD TIRE COMPANY, Plaintiff-Appellee,
v.
Ray M. DOWIS, Sr., individually, and as sole proprietor of
Ray's Tire Service, and as a general partner in partnership
with Ray M. Dowis, Jr., d/b/a Magnum Battery & Tire Co.;
Ray M. Dowis, Jr., individually, and as a partner in general
partnership with Ray M. Dowis, Sr., d/b/a Magnum Battery &
Tire Co., Defendants-Appellants.
 No. 94-1125.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 23, 1994.
Decided July 20, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Anderson. G. Ross Anderson, Jr., District Judge. (CA-92-524-8-3)
 Robert P. Lusk, Kenyon & Lusk, Anderson, SC, for Appellants.
 T.S. Stern, Jr., Thomas E. Dudley, III, Grant, Leatherwood & Stern, Greenville, SC, for Appellee.
 AFFIRMED.
 Before MURNAGHAN and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Appellants appeal from the district court's order entering judgment in favor Kelly Springfield Tire Company ("Kelly") in this diversity case. On appeal, Appellants raise issues only as to the dismissal of their counterclaims against Kelly. We affirm.
 
 
 2
 Kelly brought suit against Appellants to collect accounts receivable allegedly due for tires sold to Appellants. Appellants filed an answer on April 8, 1992, and asserted counterclaims for fraud, breach of the implied covenant of good faith, breach of contract by fraud, and violations of the South Carolina Unfair Trade Practices Act.
 
 
 3
 After the parties consented to magistrate judge jurisdiction, 28 U.S.C.A. Sec. 636(c) (West 1993), Kelly moved for partial summary judgment, asserting that the counterclaims were barred by the applicable statutes of limitations. The magistrate judge found that Appellants did not respond to this issue. Because Appellants failed to include their response in the Joint Appendix, nothing in the record disputes this conclusion. The magistrate further found that Appellants had acquired knowledge of the facts which formed the basis of their counterclaims in June 1988, at the latest. Because the claims were not instituted until April 1992, the court found that the counterclaims for breach of contract, breach of the implied covenant of good faith, breach of contract accompanied by fraudulent acts, and unfair trade practices fell outside the three-year statutes of limitations. S.C.Code Ann. Sec. 15-3-530 (Law. Co-op. Supp.1993); S.C.Code Ann. Sec. 39-5-150 (Law. Co-op.1985). The magistrate judge granted partial summary judgment for Kelly, dismissing Appellants counterclaims.
 
 
 4
 After the court entered final judgment for Kelly, Appellants appealed, arguing that the court erred in finding that their counterclaims were barred by the statutes of limitations. They contend that Kelly's conduct was continuing, and, to the extent that the violations occurred within three years prior to April 1992, their counterclaims are not barred. They also assert that the counterclaims were in the form of recoupment for which there is no statute of limitations.
 
 
 5
 The party opposing summary judgment must come forward with some minimal facts to show that summary judgment is not warranted. Fed.R.Civ.P.56(e); see Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Opposing summary judgment based on the statutes of limitations, Appellants failed to present any evidence that the claims were not barred. For the first time on appeal, Appellants raise the "continuing injury" theory and the issue of recoupment. Issues raised for the first time on appeal generally will not be considered. D.P. Muth v. United States, 1 F.3d 246, 250 (4th Cir.1993); National Wildlife Fed'n v. Hanson, 859 F.2d 313, 318 (4th Cir.1988). "Exceptions to this general rule are made only in very limited circumstances, such as where refusal to consider the newly-raised issue would be plain error or would result in a fundamental miscarriage of justice." D.P. Muth, 1 F.3d at 250. Appellants have not argued that exceptional circumstances warrant departure from this general rule, and we find that none exist.
 
 
 6
 Therefore, we affirm the order granting partial summary judgment for Kelly and dismissing Appellants' counterclaims as barred by the statutes of limitations. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED